IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH MARQUEZ,

        Plaintiff,                            Civ. No. 3:12-cv-1185-MC

        v.                                    OPINION AND ORDER

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

_____

McSHANE, Judge:

      Plaintiff Deborah Marquez brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is AFFIRMED.

## PROCEDURAL AND FACTUAL BACKGROUND

      Marquez applied for DIB and SSI on July 9, 2007, alleging disability since July 26, 2005. Tr. 131. These claims were denied initially on February 29, 2008, and upon reconsideration on August 25, 2008. Tr. 131. Plaintiff timely requested a hearing before an administrative law judge (ALJ), and appeared before the Honorable Caroline Siderius on September 11, 2009. ALJ Siderius denied plaintiff's claims by written decision dated October 8, 2009. Tr. 128-143.

1 – OPINION AND ORDER

Plaintiff sought review from the Appeals Council, which remanded the case to the ALJ by written order dated August 19, 2010. Tr. 145-146. This order directed the ALJ to conduct further inquiry into whether plaintiff retained skills that were transferable with little, if any vocational adjustment. *Id*. Plaintiff appeared before the Honorable Riley Atkins on December 8, 2010. Tr. 18-19. ALJ Atkins denied plaintiff's claim by written order dated May 3, 2012. Plaintiff sought review from the Appeals Council, which was subsequently denied, thus rendering the ALJ's decision final. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff, born on March 1, 1954, completed high school and substantially[1] completed business school. Tr. 24. At the time of the second hearing, plaintiff was fifty-six, Tr. 32, qualifying her as a person of advanced age, 20 C.F.R. §§ 404.1563(e) & 404.1568 (2012). Plaintiff alleges disability due to degenerative disk disease, disk herniation, obesity, and asthma. Tr. 22-24. Plaintiff alleges that she became unable to work in July 2005 because of back pain. *Id*.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of

---

[1] Plaintiff dropped out of business school one month before completion. Tr. 48.

2 – OPINION AND ORDER

proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. A claimant of advanced age, with the RFC to perform only sedentary work, will only have transferable skills when there is very little, if any, required vocational adjustment.

Plaintiff contends that ALJ Atkins erred in finding that she had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy under step five of the sequential evaluation. Specifically, plaintiff argues that substantial evidence does not support the ALJ's finding that plaintiff has past relevant work as a bookkeeper.

## I. Step Four: RFC and Past Relevant Work Findings

At step four of the sequential evaluation, the Commissioner assesses a claimant's RFC and determines whether the claimant is capable of performing past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1545. ALJ Atkins found that plaintiff had the RFC to perform sedentary work subject to certain physical limitations not at issue before this court. Based upon this RFC assessment, ALJ Atkins found that plaintiff was incapable of performing past relevant work. ALJ Atkins considered five positions, including two bookkeeping positions,[2] in his consideration of plaintiff's past relevant work. First, ALJ Atkins found claimant incapable of performing a "bookkeeper" position because the cashier duties associated with this position

---

[2] The record indicates that plaintiff worked as a bookkeeper/cashier from 1992 until 2003 and as a bookkeeper/receptionist in 1991. Tr. 328.

3 – OPINION AND ORDER

required light exertion. Tr. 32, 81 & 328. Plaintiff contends that this use of "bookkeeper" is ambiguous. However, the record and ALJ's determination provide sufficient context to conclude that ALJ Atkins uses "bookkeeper" in reference to a bookkeeper/cashier position performed from 1992 until 2003. This argument is addressed below. *See infra* § II (A) & (B). Second, ALJ Atkins found that a "bookkeeper/receptionist" position from 1991 could not be considered relevant work because it fell outside of the fifteen-year relevancy window. Tr. 32 (footnote 2); 20 C.F.R. § 404.1560(b)(1) (defining past relevant work). Third, ALJ Atkins found claimant incapable of performing her other positions[3] because they exceeded her sedentary work limitation. Tr. 32.

## II. Step Five: Transferability Findings

At step five of the sequential evaluation, the Commissioner considers a plaintiff's RFC, age, education, and work experience in determining whether or not a plaintiff has transferable skills. "Work Experience," like "Past Relevant Work,"[4] is generally limited to work performed within the last fifteen-years lasting long enough to learn and constituting substantial gainful activity. 20 C.F.R. § 404.1565(a). ALJ Atkins found that plaintiff acquired skills such as performing detailed math operations, operating office equipment, and handling and processing documents from her prior position as "bookkeeper." Tr. 32. Based upon these skills, ALJ Atkins' found plaintiff capable of performing jobs as a document sorter, telephone answering service operator, and telemarketer with very little adjustment. Tr. 34.

---

[3] These other positions included a retail salesperson, a retail manager and a wax cleaner. Tr. 32.
[4] "Past Relevant Work" and "Work Experience" are for the most part, synonymous. "Past Relevant Work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b) (2012). "Work Experience means skills and abilities you have acquired through work…We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a) (2012).

4 – OPINION AND ORDER

Plaintiff contends that substantial evidence does not support ALJ Atkins' finding that she had past relevant work as a bookkeeper. In so doing, Plaintiff also contends that the ALJ improperly considered skills associated with bookkeeper/receptionist position from 1991 in his transferability evaluation.[5]

### A. Plaintiff's Bookkeeper Position

The record indicates that plaintiff worked as a "bookkeeper/cashier" from 1992 until 2003 and as a "bookkeeper/receptionist" in 1991. Tr. 328. Plaintiff discussed the bookkeeper/cashier position at length during the first ALJ hearing, Tr. 81-83, and briefly during the second ALJ hearing, Tr. 62. ALJ Atkins found that the "bookkeeper/reception" position from 1991 was not past relevant work.[6] Plaintiff's contends that this finding also precludes use of the bookkeeper/cashier position from 2003. This contention is without merit. ALJ Atkins specifically excluded the "bookkeeper/reception" position from 1991 because it occurred beyond the fifteen-year relevancy period. Tr. 32. ALJ Atkins did not mention the more recent bookkeeper/cashier position from 1992 until 2003 in his relevancy exclusion. Rather, this 2003 bookkeeper/cashier position, unlike the 1991 bookkeeper/receptionist position, does not fall outside of the fifteen-year window. Thus, substantial evidence exists to support a finding of work experience as a bookkeeper.

### B. Plaintiff's Transferable Skills

---

[5] Plaintiff cites *Sanchez v. Astrue* for the proposition that an ALJ is precluded from considering skills acquired outside of the fifteen-year work experience period. *Sanchez v. Astrue*, No. 5:09-CV-166-Oc-GRJ, 2010 WL 3190603, at *4 (M.D. Fla. Aug. 10, 2010). In *Sanchez*, the ALJ drew upon plaintiff's skills acquired as a "bank teller" outside of the fifteen-year period during the step five transferability evaluation. *Id*. Unlike in *Sanchez*, here the plaintiff did work in a "bookkeeper" position during the prior fifteen-year period.

[6] In a footnote, ALJ Atkins found that "[claimants] past work as a bookkeeper/receptionist was performed in 1991 and therefore cannot be considered past relevant work." Tr. 32.

5 – OPINION AND ORDER

ALJ Atkins found that plaintiff acquired skills such as performing detailed math operations, operating office equipment, and handling and processing documents from her prior position as bookkeeper. Tr. 32. Substantial evidence exists to support this finding. First, on Form SSA-3369, plaintiff listed her duties associated with the 2003 "bookkeeping/cashier" position as including "bookkeeping, counting tills, balancing daily receipts, lottery tickets…bank deposits" and working with various machines, cash registers and lottery machines. Tr. 329. Second, plaintiff testified at the first hearing that she counted the tills, balanced the daily money, kept track of and filled the ATM machine when necessary, and did the "books" in reference[7] to the 2003 bookkeeping/cashier position. Tr. 81-83. Vocational Expert (VE) Nancy Bloom, relying only[8] upon plaintiff's experience acquired during her "bookkeeper/cashier" position from 2003, found that plaintiff had acquired skills including performing detailed math calculations, operating office equipment, and handling or processing of documents. Tr. 116. VE Richard Keough, during the second hearing, confirmed[9] these skills and further opined that these skills were transferable to jobs including document sorter, telephone answering service operator and telemarketer.[10] Taken as a whole, this evidence is more than a mere scintilla, and supports ALJ Atkins' determination that plaintiff has acquired work skills from past work experience that are transferable to other occupations with very little, if any, required vocational adjustment. Tr. 32-33; *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988) (quoting *Consolidated Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 217 (1938)).

---

[7] ALJ Siderius asked "And you did that from - - let's see - - 1992 until 2003. Was that a full-time job?" Tr. 81. In response, plaintiff continued to testify at length to the details of her bookkeeper/cashier position. Tr. 81-83.
[8] VE Bloom asked ALJ Siderius whether to include the bookkeeper/receptionist position from 1991 in her transferability opinion and ALJ Siderius responded "…no, we don't need to include that." Tr. 111.
[9] VE Keough stated "I think those are the - - those are the primary things that I would - - that I would see for that kind of work." Tr. 61.
[10] ALJ Atkins asked VE Bloom "[a]re there any other positions to which…the transferable skills we've discussed might apply." Tr. 65.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED. This case is dismissed.

IT IS SO ORDERED.

DATED this 18th day of July, 2013.

                        _____s/ Michael J. McShane_____
                                    Michael J. McShane
                                  United States District Judge